UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CHARLES W. MOORE )<br>)<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>MOSES FREEMAN, in his official capacity, and )<br>CITY OF CHATTANOOGA, TENNESSEE )<br>)<br>    *Defendants.* ) | No. 1:00-cv-72<br>*Edgar* |

## **MEMORANDUM**

The Court of Appeals for the Sixth Circuit remanded this case for a redetermination of the amount of attorney's fees to be awarded to prevailing plaintiff Charles W. Moore under the Fair Labor Standards Act, 29 U.S.C. § 216(b). *Moore v. Freeman*, 355 F.3d 558, 565-66 (6th Cir. 2004). On remand this Court ordered plaintiff Moore to submit his itemized claim for attorney's fees. Plaintiff filed his motion for attorney's fees and costs on April 5, 2004. [Court File No. 80]. Defendants oppose the motion.

29 U.S.C. § 216(b) provides in part: "The court in such action shall, in addition to any judgments awarded to the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Although an award of attorney's fees under § 216(b) is mandatory, the amount of the award is within the discretion of the federal district judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *United Slate, Tile & Composition Roofers, Damp and Waterproofing Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).

-1-

29 U.S.C. § 216(b) does not set forth the criteria for determining what constitutes a reasonable attorney's fee. This determination must be reached through an evaluation of a myriad of factors examined in light of the congressional policy. *Fegley*, 19 F.3d at 1134; *United Slate*, 732 F.2d at 501. In general, a reasonable attorney's fee is one that is adequate to attract competent counsel, but does not produce a windfall for lawyers. *Blum v. Stenson*, 465 U.S. 886, 893 (1984); *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). The Court bears in mind that § 216(b) does not constitute a mandate to make the prevailing plaintiff's attorney rich. *Cf. Reed*, 179 F.3d at 472.

The starting point in calculating reasonable attorney's fees is to determine a "lodestar" amount. The lodestar is a product of the number of hours reasonably expended on the case by the plaintiff's attorney multiplied by a reasonable hourly rate of compensation. The lodestar amount may be adjusted upward or downward, as the Court finds necessary based on the facts and circumstances of the particular case. *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983); *Moore*, 355 F.3d at 565; *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471; *Building Services Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995); *Phelan v. Bell*, 8 F.3d 369, 374 (6th Cir. 1993); *see also Webb v. Dyer County Board of Education*, 471 U.S. 234, 242 (1985). There is a strong presumption that the lodestar figure represents a reasonable attorney's fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Building Services Local 47*, 46 F.3d at 1401-02.

In calculating the lodestar, the Court must determine whether the hours of legal

services expended were reasonably necessary at the time the services were performed. The issue is not whether in hindsight the attorney's expenditure of time was strictly necessary to obtain the relief or result achieved. Rather, the issue is whether at the time the legal services were performed, an objectively reasonable attorney faced with the same circumstances would have performed the services and engaged in a similar expenditure of time for the benefit of his client. *Grant v. Martinez,* 973 F.2d 96, 99 (2nd Cir. 1992); *Wooldridge v. Marlene Industries, Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990); *Crosby v. Bowater, Inc. Retirement Plan*, 262 F. Supp.2d 804, 816 (W.D. Mich. 2003).

The factors the Court may consider in determining the lodestar amount and any adjustments include the following:

1. The time and labor required by the case;
2. The novelty and difficulty of the issues of fact and questions of law presented;
3. The degree of skill needed to properly perform the legal service;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee usually charged for such legal services;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount or value involved and the results obtained;
9. The attorney's experience, reputation, and ability;
10. The undesirability of the case;
11. The nature and length of the attorney's professional relationship with the client; and
12. Awards of attorney's fees in similar cases.

*Hensley*, 461 U.S. at 434 n. 9; *Paschal*, 297 F.3d at 435; *Adcock-Ladd*, 227 F.3d at 349 n. 8; *Reed*, 179 F.3d at 471-72 n. 3; *Phelan*, 8 F.3d at 374.

A prevailing plaintiff seeking an award of attorney's fees bears the burden of submitting proof that supports the number of hours worked and the hourly rates of compensation claimed. *Webb*, 471 U.S. at 242; *Hensley*, 461 U.S. at 433; *Moore*, 355 F.3d at 566; *Building Services Local 47*, 46 F.3d at 1402; *Reed*, 179 F.3d at 472. This burden of proof can be satisfied by affidavits from the plaintiff's attorney containing an itemized statement describing the services or

work performed, the amount of time expended, and the attorney's rate of hourly compensation. *Building Services Local 47*, 46 F.3d at 1402-03. If the documentation is inadequate, the Court may reduce the award. *Hensley*, 461 U.S. at 433; *Reed*, 179 F.3d at 472.

**I.      Reasonable Rate**

The Court must first determine a reasonable rate for each of the plaintiff's attorney's services in this case. In determining the reasonable rate, the Court considers the prevailing market rate in this area for lawyers of comparable experience and expertise. As the Sixth Circuit has found, "hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir.1986). Attorneys Hill and Pelot are seeking $175.00 and $150.00 per hour, respectively. Plaintiff has submitted affidavits which support these rates as reasonable for this geographical area and this type of litigation. [Court File No. 81, Exhibits 1-4]. In the Court's own experience, these are reasonable rates for this type of litigation in the Eastern District of Tennessee. Indeed, the defendants do not contest the rates sought by the plaintiff's attorneys for the work reasonably expended in this case. [Court File No. 86]. Consequently, the Court finds the rates requested to be reasonable.

**II.     Hours**

To complete the lodestar calculation, the Court must determine the number of hours reasonably spent on this litigation by plaintiff's attorneys. Plaintiff has submitted an inventory of the time spent by each attorney, indicating generally the nature of the work done during each time period. [Court File No. 81, Exhibits 2A, 2B]. Defendants object to many of these entries as excessive, unnecessary and unreasonable. [Court File No. 86]. Defendants also argue that the fees

should be reduced because the plaintiff only prevailed on one of his six claims.

To begin, the defendants object to an award of full compensation for all pre-trial hours because this time represents work expended on behalf of two plaintiffs. [Court File No. 86]. Plaintiff's counsel originally filed a joint complaint on behalf of two plaintiffs, Moore and Joseph Sheats ("Sheats"). However, Sheats voluntarily dismissed his claims on the first day of trial, August 7, 2001. [Court File No. 35]. Defendants argue that one-half of plaintiff's counsel's pre-trial time was spent on Sheats' claims and, accordingly, their pre-trial time should be cut in half. [Court File No. 86]. In response, the plaintiff argues that his counsel have already deducted all time entries that were not incurred on his behalf and that the defendants are unable to point to any remaining entry incurred on behalf of Sheats. [Court File No. 84].

The Court finds that plaintiff's counsel's pre-trial time should be reduced for time spent on Sheats' claims. The pre-trial time entries which have not been deducted are replete with references to "clients" and "J. Sheats" up to the day before Sheats dismissed his claims.[1] Furthermore, the plaintiff's argument that the defense has not specifically pointed to a time entry incurred on Sheats' behalf is to no avail. Plaintiff bears the burden of providing adequately detailed documentation to enable the Court to determine which entries were for which plaintiff. *See Hensley*, 461 U.S. at 437. Plaintiff, however, has not provided sufficiently detailed documentation for the Court to make such a determination. Consequently, the Court finds that plaintiff's counsel's pre-trial time should be reduced. *See Hensley*, 461 U.S. at 433 (noting that, where the documentation of hours is inadequate, the Court may reduce the award); *accord Reed*, 179 F.3d at 472.

---

[1] For example, see the time entries for the following dates: 02/05/00, 02/07/00, 09/21/00, 09/26/00, 02/27/01, 04/09/01, 04/12/01, 04/23/01, 05/04/01, 05/08/01, 05/16/01, 05/18/01, 07/16/01, 07/17/01, 07/19/01, 07/30/01, 07/31/01, 08/06/01. [Court File No. 84, Exhibit 2A].

The difficulty is in determining how much to reduce the attorney's pre-trial time. Reducing counsel's pre-trial time by fifty percent, as the defendants seek, is unreasonable. Due to the similarity in the claims of each, some of the work expended on behalf of Sheats would have been incurred regardless of whether he was a party. Nonetheless, the plaintiff fails to provide sufficiently detailed time entries such that the court could eliminate or deduct the work expended solely on behalf of Sheats. Consequently, the Court will reduce plaintiff's counsel's pre-trial time by twenty-five percent. *See Hensley*, 461 U.S. at 433; *Reed*, 179 F.3d at 472.

Defendants object to the compensation of plaintiff's attorneys for travel time. The plaintiff's attorneys seek recovery for all travel time at their full compensatory rate. [Court File No. 81, Exhibits 2A, 2B; Court File No. 84]. The decision to compensate plaintiff's counsel for time spent in travel is within the Court's discretion. *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991); *accord Robinson v. Elida Local School Dist., Bd. of Educ.*, No. 95-3796, 1996 WL 593535, *3 (6th Cir. Oct. 15, 1996). In the instant case, the plaintiff's counsel were based in Knoxville. There are counsel in Chattanooga who could have readily handled this case. While recognizing that under appropriate circumstances courts may award fees for travel time, in this case it is nonetheless appropriate to reduce the plaintiff's attorneys' time by four hours for each round-trip from Knoxville to Chattanooga. This reduces Pelot's time by twenty-eight hours and Hill's time by twenty-four hours.[2]

---

[2] Pelot's calculation is based on seven round-trips from Knoxville to Chattanooga, occurring on March 3, 2000, May 18, 2001, June 22, 2001, July 31, 2001, August 6, 2001, August 7, 2001, and August 8, 2001. Of these, five trips, or twenty hours, occurred before Sheats' dismissal. Hill's calculation is based on six round trips from Knoxville to Chattanooga, occurring on May 18, 2001, June 22, 2001, July 31, 2001, August 6, 2001, August 7, 2001, and August 8, 2001. Of these, four trips, or sixteen hours, occurred before Sheats' dismissal.

The Court, however, decides to award full compensation to plaintiff's attorneys for their travel between Knoxville and Cincinnati for appellate arguments before the Court of Appeals for the Sixth Circuit. Compensating counsel at their full compensatory rate for such travel is in accordance with local practice. For, even if the plaintiff had retained counsel in Chattanooga he would have incurred travel expenses to Cincinnati. Consequently, plaintiff's counsel will be compensated for this travel.

Plaintiff's counsel's hours also will be reduced for duplicative efforts in depositions, trial preparation, pre-trial conference and trial. This Court has the discretion to make a simple across-the-board reduction, by a certain percentage, in order to account for duplicative hours. *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir.1997), *cert. denied*, 525 U.S. 822, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998), *overruled in part on other grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (affirming a twenty-five percent, across-the-board reduction in an attorney's fees "to account for duplication of efforts at trial, trial preparation, and pre-trial conference"). The Court may also reduce certain items by a percentage figure, rather than applying an across-the-board reduction, to account for duplication of efforts. *Coulter*, 805 F.2d at 152.

Plaintiff's attorneys seek compensation for a number of duplicative hours. Both attorneys, Pelot and Hill, attended the depositions on May 18, 2001, and June 22, 2001. Both recorded significant hours preparing for trial and both attended the pre-trial conference and trial. Based on the Court's observation of the trial, such duplication of effort was unnecessary. Rather than impose an across-the-board reduction, the Court will reduce specific time entries to account for

-7-

the duplication. Accordingly, the Court will reduce Pelot's time by 38.6 hours.[3] This reduction includes eleven hours for Pelot's attendance at depositions and one hour for his attendance at the pre-trial conference. These reductions, in conjunction with the reduction for travel time, eliminate these entries altogether because these proceedings did not warrant two attorneys.[4] The remaining 26.6 hours to be deducted represents a fifty-percent reduction in Pelot's time preparing for and attending trial on July 31, August 2, 3, 4, 5, 6, 7, and 8. Instead of eliminating these entries altogether, the Court will reduce them by half, recognizing that multiple representation does not always constitute duplication of efforts. *See, e.g.*, *Coulter*, 805 F.2d at 152.

The hours incurred during the appellate process will also be reduced as excessive and duplicative. This case did not present any novel or complex issues of fact or law requiring extraordinary or additional work. The Court finds that the hours expended to research and write the plaintiff's brief and argue the appeal are excessive. Specifically, plaintiff's counsel spent approximately sixty-five hours preparing their brief between May 4 and May 22, 2002. [Court File No. 84, Exhibit 2B]. Of this time, approximately twenty-five hours were expended on the attorney's fee issue, fifteen hours on the FLSA retaliatory discharge issue, and twenty-five hours on the facts and revisions. The Court finds this amount to be excessive, especially in light of the approximately fifty-five hours previously expended to research and write the plaintiff's post-trial motion for attorney's fees. Consequently, the Court will reduce Pelot's time by thirty hours, finding thirty-five

---

[3] Of these 38.6 hours to be eliminated as duplicative, 28.6 occurred before Sheats' dismissal.

[4] Pelot may have participated in these proceedings. Such participation, however, only makes Hill's presence duplicative. In choosing which attorney's time to reduce as duplicative, the Court chooses to reduce Pelot's because he appears to be the junior attorney between the two.

hours to be reasonable time to prepare the brief.

Plaintiff's counsel also claims 7.7 hours to draft and revise a reply brief. Of this time, plaintiff's counsel spent only 2.3 hours drafting the reply and 5.4 hours revising it. The Court finds the amount of time expended to revise the reply brief excessive. Accordingly, the Court will reduce Pelot's time by three hours, finding 2.4 hours ample time to revise in light of the time spent drafting.

Plaintiff's counsel also seeks compensation for 9.8 hours of work on the final brief with joint appendix references. Plaintiff's counsel has already volunteered to reduce this amount to seven hours, recognizing that 9.8 hours is excessive. [Court File No. 84]. The Court finds that seven hours is still excessive to complete a task which consists of inserting page references. Three and one-half hours is sufficient for the task, and Pelot's time will be reduced accordingly.

Plaintiff's counsel also claims twenty-two hours to prepare for and argue the appeal in the Sixth Circuit. In light of the fact that the appeal presented no novel or complex issues of fact or law, this amount of time is excessive. The Court finds that one-half this time would be reasonable and will reduce Pelot's time by eleven hours.

In addition, plaintiff's counsel seeks compensation for ten hours to draft and revise a post-appeal motion for attorney's fees. In light of the extensive hours previously expended to research earlier motions and briefs, ten hours is excessive for such a motion. Finding that one-half this time is reasonable, the Court will reduce Pelot's time by five hours. In sum, the Court will reduce Pelot's time by 52.5 hours as excessive.

Further, the Court finds some of Hill's time during the appellate process to be excessive and duplicative. First, Hill's legal research on the attorney's fee issue conducted on December 6 and 7, 2001, will be eliminated. Including this time would be excessive, duplicative

-9-

Case 1:00-cv-00072   Document 87   Filed 09/09/04   Page 9 of 14   PageID #: 9

and unreasonable in light of the nearly fifty-five hours previously spent on this same issue. Additionally, Hill's time on April 1, 2004, researching the attorney's fee issue and securing affidavits in this regard will be eliminated. This time is duplicative of previous research and prior efforts to secure affidavits by both Hill and Pelot on August 23, 2001, October 10 and 11, 2001, and March 31, 2004. Accordingly, Hill's time will be reduced by 8.5 hours.

Finally, the defendants argue that the legal fees should be reduced because the plaintiff only prevailed on one of his six claims. The Supreme Court has given guidance on the extent to which a fee should be adjusted when a plaintiff wins on some claims and loses on others. *See Hensley*, 461 U.S. at 424. First, it is necessary to decide whether the respective claims are related by determining whether they employ "a common core of facts or [are] based on related legal theories." *Id.* at 435. If so, the Court then considers "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The degree of success obtained is the most critical factor. *Id.* at 436. If a plaintiff has achieved only partial or limited success, awarding the fee incurred for the litigation as a whole may be excessive. *Id.* If awarding the whole fee would be excessive, this Court may identify and eliminate specific hours or simply reduce the award to account for the limited success. *Id.* The Court, however, cannot employ a "mathematical approach" that awards fees based on the number of issues on which the plaintiff prevailed as compared to the number of issues in the case. *Id.* at 435 n.11.

In this case, the Court finds that the plaintiff's claims generally employ a common core of facts and related legal theories. All of the plaintiff's discrimination and retaliatory discharge claims were based on the same set of facts. Moreover, these claims are based on related legal theories and will not be treated as distinct claims.

However, the Court concludes that awarding the entire fee incurred for this litigation would be excessive in light of the plaintiff's success on only one of six claims. Plaintiff's counsel seek compensation for 531.15 hours of work expended on six claims. To award attorney's fees for all of this time would be excessive where the plaintiff only recovered on his retaliatory discharge claim. *See, e.g.*, *Hensley*, 461 U.S. at 436 ("But had respondents prevailed on only one of their six general claims, . . . a fee award based on the claimed hours clearly would have been excessive.")

In determining an appropriate award the Court may identify and eliminate specific hours or simply reduce the fee to account for the degree of success. The Court is unable to identify and eliminate those hours not incurred on the retaliatory discharge claim. Plaintiff has failed to provide sufficiently detailed time records to enable the Court to identify the separate claims.[5] Accordingly, the Court will simply reduce the award to accurately reflect the limited success.

The Court concludes that the plaintiff will be awarded one-third of the fees sought by his counsel. The most important factor in determining the amount of attorney's fees to award is the plaintiff's degree of success. Here, plaintiff Moore only prevailed on one of his six claims and recovered only $7,200 for back-pay and $40,000 for mental and emotional distress due to the retaliation. The award should not be reduced to one-sixth of the amount sought because the retaliatory discharge claim overlapped, factually and legally, with the remaining claims. Awarding one-third of the fees sought is appropriate in light of the plaintiff's limited success and his failure to provide sufficiently detailed time records to enable the Court to separate the claims.

---

[5] The plaintiff bears the burden of providing documentation of the appropriate hours expended on a claim and "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Failure to provide adequate documentation of hours can result in a reduction of the fee award. *Id.* at 433.

-11-

In accordance with the above findings, the attorney's fees are calculated as follows: first, the Court determines the fee reasonably incurred prior to Sheats' dismissal, less deductions for travel and duplication of efforts; this amount is reduced by one-fourth to account for work expended solely on Sheats' behalf; next, the Court determines the fee reasonably incurred after Sheats' dismissal, less deductions for travel, duplication of efforts and excessive billing; finally, the Court combines these sub-totals and reduces the fee by two-thirds to account for the plaintiff's limited success. The remaining one-third is the amount awarded to the plaintiff as reasonable attorney's fees:

Attorney Pelot
    Before Sheats' Dismissal
| | | |
|---|---|---|
| 154.9 claimed hours x $150 per hour | = | $23,235.00 |
| Less travel time 20 hours x $150 per hour | = | $ 3,000.00 |
| Less 28.6 duplicative hours x $150 per hour | = | $ 4,290.00 |
| | | $15,945.00 |
| Less twenty five percent for Sheats | = | $ 3,986.25 |
| Total Before Sheats' Dismissal | = | $11,958.75 |

    After Sheats' Dismissal
| | | |
|---|---|---|
| 234.4 claimed hours x $150 per hour | = | $35,160.00 |
| Less travel time 8 hours x $150 per hour | = | $ 1,200.00 |
| Less 10 duplicative hours x $150 per hour | = | $ 1,500.00 |
| Less 52.5 excessive hours x $150 per hour | = | $ 7,875.00 |
| Total After Sheats' Dismissal | = | $24,585.00 |

| | | |
|---|---|---|
| Pelot's Total Fee | = | $36,543.75 |

Attorney Hill
    Before Sheats' Dismissal
| | | |
|---|---|---|
| 76.3 claimed hours x $175 per hour | = | $13,352.50 |
| Less travel time 16 hours x $175 per hour | = | $ 2,800.00 |

-12-

|  |  |  |
|---|---|---|
|  |  | $10,552.50 |
| Less twenty-five percent for Sheats | = | $ 2,638.13 |
| Total Before Sheats' Dismissal | = | $ 7,914.37 |

After Sheats' Dismissal
|  |  |  |
|---|---|---|
| 64.55 claimed hours   x   $175 per hour | = | $11,296.25 |
| Less travel time 8 hours   x   $175 per hour | = | $ 1,400.00 |
| Less 8.5 excessive hours   x   $175 per hour | = | $ 1,487.50 |
| Total After Sheats' Dismissal | = | $ 8,408.75 |

|  |  |  |
|---|---|---|
| Hill's Total Fee | = | $16,323.12 |

Attorney Maxwell
Before Sheats' Dismissal
|  |  |  |
|---|---|---|
| 1 claimed hour   x   $175 per hour | = | $175.00 |
| Less twenty-five percent for Sheats | = | $ 43.75 |
| Total Before Sheats' Dismissal | = | $131.25 |

After Sheats' Dismissal
|  |  |  |
|---|---|---|
| 0 hours | = | $0 |

|  |  |  |
|---|---|---|
| Maxwell's Total Fee | = | $131.25 |

|  |  |  |
|---|---|---|
| Pelot's, Hill's and Maxwell's Combined Attorney's Fees | = | $52,998.12 |
| Less two-thirds (66%) for limited success | = | $35,332.08 |
| Total Attorney's Fees | = | $17,666.04 |

## III.   Expenses and Costs

Plaintiff's counsel also seek reimbursement for expenses and costs totaling $1,619.00.

-13-

Reasonable costs of the action may be recovered under 29 U.S.C. § 216(b). The Court finds that the plaintiff's costs are reasonable and appropriate.

Plaintiff Moore is entitled to recover his reasonable attorney's fees and costs as follows:

|  |  |  |
|---|---|---|
| Total Attorney's Fees | = | $17,666.04 |
| Court Costs and Expenses | = | $1,619.00 |
|  |  | -------------------------- |
| TOTAL | = | $19,285.04 |

A separate order will enter.

*/s/ R. Allan Edgar*<br>
R. ALLAN EDGAR<br>
CHIEF UNITED STATES DISTRICT JUDGE